# RAMONA VEGA DE GAUTIER

*v.*

# J. B. COBB AND EUGUI & CO.

Law, No. 426.

1. A possessory title in favor of one not in possession, and who has never been in possession, will not prevail against a dominion title in favor of one who has been in possession under it for more than ten years.
2. A possessory title is nothing more than a notice of adverse claim of title.
3. A plaintiff in ejectment must recover on the strength of his own title.

Opinion filed June 15, 1907.

Mr. *Felipe Cuchi* and Mr. *Cayetano Coll*, attorneys for plaintiff.

Mr. *F. H. Dexter* and Mr. *Herminio Diaz* attorneys for defendants.

RODEY, Judge, delivered the following opinion:

This is a suit in ejectment. By consent of the parties, it was tried before the court without the intervention of a jury, and therefore we have to make findings of both fact and law.

Note.—As to what title or interest will support an action of ejectment, see note to Hancock v. McAvoy, 18 L.R.A. 781.

Vega de Gautier v. Cobb.

The stenographer's notes of the evidence have all been transcribed, and, with the record, exhibits, and briefs, have been given careful attention. The declaration or complaint is one of those very short forms drawn under the Code, which simply states, after alleging jurisdictional citizenship, that the plaintiff is the owner and entitled to the possession of the land, and that the defendant, without any right or title to the same, has taken possession of it. The value of the land is alleged to be $5,000, and the amount of plaintiff's damage for the rents, issues, and profits during its wrongful detention is laid at $1,000. The description of the piece of land is very meagre. It is simply: "A farm composed of 23 acres of land, equivalent to 9 hectareas, 3 areas, and 98 centiareas, bounded on the east, north, and south by the lands of Jaime Sala and on the west by lands of Pedro José Demetrio Diaz." That it is bounded to-day by lands of J. B. Cobb, the defendant, and that it is situated in the municipality of Gurabo, barrio of Hato Nuevo, Porto Rico.

The defendant, at the time of the trial, contended that this description was too indefinite to enable the plaintiff to recover at all in a court of justice.

When the defendant Cobb was served with process, he came into court, and, under a local statute permitting that to be done, stated that he had bought the land from Eugui & Company, a partnership concern living in the vicinity of the land, composed of some half a dozen partners, and asked that they be made parties under §§ 1384 and 1485 of the Civil Code, so that they should be forced to defend their title. Plaintiff thereafter cited these additional defendants and they came in and answered. Their sole plea is the statute of limitations.

Some time previous to the year 1887, the land in question formed part of an estate that was in possession of one José

III. Porto Rico—8.

Francisco Diaz, who is said to have left this land and other property to be devoted to charity. His son, Pedro José Demetrio Diaz, was looking after this estate as administrator or executor, and along about that time diverted it from the purpose which his father's will intended it should be put to, under some sort of so-called agreement with claimants or heirs, and sold it to one Francisco Regis Ramos. It does not appear that the old man Diaz had title from the sovereign to the property, and his son, of course, had none either. This man Ramos, about the time he got the deed for this property, was indebted to one Gautier for money he had borrowed, and as the debt was due on April 23, 1888, he made a deed to Gautier of these 23 acres of land in payment of the debt, but three days before that he had applied for an expediente posesorio on it so as to have some show for deeding it to Gautier. The latter, without ever having been in possession of the land, shortly thereafter, in 1889, died and willed it to his wife, the present plaintiff; or at least she obtained it by a settlement under the will. She never went near it or into possession of it, although someone in her interest, in 1898, did write a letter when it became valuable as tobacco land, asking about it. This is all the title that plaintiff shows or claims to the land; that is, a mere expediente posesorio which never ripened into a dominion title under the provisions of the local mortgage law, but with no possession under this expediente, even if it was coupled with a deed or two from people who had no greater title to support their deeds. It would seem as if these deeds amounted to mere quitclaims.

The defendants' title also comes from the said Pedro José Demetrio Diaz in the following manner: Along at about the same time, 1888 or 1889, a man by the name of José Maria Neve y Gutierrez sued old man Diaz's estate, got a judgment,

Vega de Gautier v. Cobb.

and levied on 50 acres of land of which this was a part, and bought it in at the execution sale. A dominion title was shortly thereafter applied for and duly secured, possession being at once taken thereunder in 1890 and held ever since through successive owners. From Neve y Gutierrez it finally came to Eugui & Company, and from them to the defendant Cobb, the possession being continuous, peaceable, and uninterrupted from the early part of 1890 to the present time.

The question arises, Which is the better of these two so-called titles under the laws of Porto Rico. We have heretofore held in the case of Pares v. Reynes, 2 Porto Rico Fed. Rep. 402, that an expediente posesorio under the laws of Porto Rico amounts to nothing more than notice to the world that its beneficiary is claiming adverse possession of the property in question. We again repeat that we cannot see that such an instrument has any effect more than if the possessor of a piece of land should file in the county recorder's office a statement notifying all persons that he is in possession of the land described and that he will, when the proper time has elapsed, make application to get a dominion title to the same. Now, it does seem to us that when a person is not in possession of the land described in such an expediente posesorio, that having deeds to it from people who are not in possession of it either cannot aid his title any, and that if the party actually in possession succeeds in securing a dominion title to the same, his position is much the better. From our examination of the land laws in Porto Rico, we have arrived at the conclusion that a dominion title is of a superior character, and that it perhaps requires an affirmative suit of some sort to remove it as a cloud, and have its holder declared a trustee for the benefit of the real possessor and owner, and that

Vega de Gautier v. Cobb.

until this is done it is good against all the world, and especially so if its holder is in actual possession.

It is fundamental in ejectment that a plaintiff must recover on the strength of his own title, and not on the weakness of his adversary's. The defendant here, by himself and his predecessors in interest, shows continuous and uninterrupted possession of the land in controversy under a dominion title since the year 1890 up to this date, a period of nearly seventeen years, and the evidence shows that the plaintiff has been right here in Porto Rico during practically all of that time, without even visiting the property, much less trying to oust defendants, and thus the ten-year statute of limitations would run against her.

It is not quite clear from the record how the predecessors in interest of these defendants secured their dominion title when this other possessory title was on record, but it seems to have occurred because of this meagre description in plaintiff's title, with which defendants' land could not be identified; at any rate the predecessors of the defendant secured a dominio title nearly ten years before American occupation, and while ordinarily that would not affect plaintiff's title if she had a better one, we do not think she in fact had; and anyway, the defendants, by their predecessors, were then in actual, physical possession of the ground. Section 1858 of the local Civil Code provides: "Ownership and other property rights in real property shall prescribe by possession for ten years as to persons present, and for twenty years with regard to those absent, with good faith and with a proper title." This section of the law is but a re-enactment of the former law (§ 1957, old Code), which was in force in 1890 in Porto Rico.

Counsel for plaintiff in his brief makes the point that under § 128 of the Code of Civil Procedure, because the defendants

Vega de Gautier v. Cobb.

did not point out in their plea the section of the statute of limitations upon which they rely, they are barred from setting it up. here. We have examined the section in question and think that it is directory merely, and that if the statute of limitations is pleaded and plaintiff does not make any effort to cause the defendant to specify the section he relies on, and goes to trial, he cannot be thereafter heard to object that the particular section was not pointed out. It will be seen from the pleadings here that the sole defense in fact was the statute of limitations, and the plaintiff, having gone to trial, must be held to have waived the requirement, if such it was. Apart from all that, however, we cannot see from this record how the plaintiff has made out a title in herself superior to that of the defendants. It is not even as good as the latter, and plaintiff's case should fail for that reason if for no other. Counsel for plaintiff seems to realize the weakness of his cause, for, in his brief, he attempts to argue that there is no sufficient proof in the cause to identify the land to which plaintiff shows an alleged chain of title, as the particular land in controversy. While we do not agree with this contention, as we hold that the proofs fully identify the land, still it would seem that the logical result of that sort of argument would be to drive plaintiff out of court; because if defendants are not in possession of plaintiff's land, the latter has no cause of action.

Looking at the merits of the controversy for a moment, the equities appear to be all with the defendants. Neither plaintiff nor her immediate predecessor, her husband, and perhaps not even his immediate predecessor, Ramos, were ever in possession of the land in controversy. Defendants, by themselves and their vendors, have been in continuous, open, notorious, and peaceable possession of it for more than seventeen years, culti-

vating it and improving it; and now, when it has become valuable as tobacco land, plaintiff attempts to assert her alleged title, when, if she had exercised any sort of proper diligence even at or shortly after American occupation, she might have prevented innocent third parties from purchasing the same. We know, of course, that her delay, if she is still inside the statute of limitations, should not bar her, but we think she has both failed to show any title sufficient to recover on, and is also barred by the statute.

In our opinion, the facts, the law, and all the equities are with the defendants, and we so find. The judgment will therefore be for the defendants with costs, and it is so ordered.